Filed 6/10/21  In re Vivienne L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re VIVIENNE L., a Person Coming Under the Juvenile Court Law. | B307959 <br><br> (Los Angeles County Super. Ct. No. 19CCJP07616A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> NATALIA L., <br><br>     Defendant and Appellant. <br> VIVIENNE L., a minor, etc., <br><br>     Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nichelle L. Blackwell, Judge Pro Tempore. Reversed in part.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Minor Vivienne L.

————————————

Natalia L. (Mother) appeals from the September 23, 2020 juvenile court exit order entered at the termination of dependency jurisdiction over her daughter, dependent child Vivienne L., on the ground the juvenile court included in the order impermissible conditions on its future modification. We reverse the order to the extent that it attempts to restrict the family court from modifying the exit order until certain conditions are met.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2020, Vivienne L. was adjudicated a dependent child of the juvenile court pursuant to Welfare and Institutions Code section 300, subdivision (c) because the protracted and extreme conflict between her parents placed her at risk of serious emotional harm, damage, and danger. At disposition, the juvenile court terminated jurisdiction over Vivienne L. and entered an order giving her father sole legal and physical custody with visitation to Mother. Additionally, the juvenile court ordered: "Before this Juvenile Custody Order can be modified the mother . . . must complete individual counseling with a licensed therapist at least 1 time per week for no less than a period of 1 year from the date of this order to address her repeated efforts to coach the child into making unfounded allegations against the father, . . . to address mother's ongoing making of unfounded allegations against father[,] to address mother's past trauma with domestic violence, and to address the trauma mother is causing the child by attempting to alienate the child from her father, and she must show proof of completion satisfactory to the court before the juvenile custody order can be modified."

Mother appeals.

2

## DISCUSSION

The sole issue on appeal is the propriety of the juvenile court's imposition of conditions on the family court's subsequent modification of the order. Under Welfare and Institutions Code section 302, subdivision (d), the juvenile court may, when terminating dependency court jurisdiction, make collateral orders, such as counseling orders, that are reasonably related to the custody and visitation orders entered by the court at that time. (*In re Chantal S.* (1996) 13 Cal.4th 196, 203–204.) The court's order "shall remain in effect after that jurisdiction is terminated. The order shall not be modified . . . unless the [family] court finds that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (Welf. & Inst. Code, § 302, subd. (d).) Accordingly, "the decision to modify an exit order was, and is, within the province of the family court, and then only upon a finding of 'significant change of circumstances' and that the modification is in 'the best interests of the child.' " (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1456 (*Cole*).)

Orders regarding visitation or custody that impose requirements on parents but do not restrict the power of the family law court to modify the order are permissible. (See, e.g., *In re D.B.* (2020) 48 Cal.App.5th 613, 626–627 [affirming exit order that provided for monitored visitation once father completed individual and conjoint counseling because the order neither restricted the family court's modification power nor conditioned modification of the order upon the completion of counseling].) But when a juvenile court attempts to impose conditions on the family court for modification of the exit order

3

beyond those set forth in Welfare and Institutions Code section 302, subdivision (d), the juvenile court exceeds its authority. (*Cole*, *supra*, 233 Cal.App.4th at p. 1456 & fn. 4.)  In *Cole*, the reviewing court partially reversed a juvenile court's exit order to the extent that it conditioned future modification of the exit order on proof of one parent's completion of drug and parenting programs and counseling.  (*Id*. at p. 1446.)

The present case is akin to *Cole*:  The juvenile court attempted to circumscribe the family court's authority to modify the exit order by expressly forbidding modification of its order until Mother completed one year of weekly individual counseling with a licensed therapist addressing particular topics.  The court had the authority to order Mother to complete counseling to address these subjects, but it could not tie the family court's hands by conditioning that court's future modification of the order on Mother's completion of the counseling it ordered.  As the *Cole* court observed, the juvenile court had no authority, and no discretion, "to condition the *family court's* modification of an exit order upon the completion of counseling . . . in the face of a statute—[Welfare and Institutions Code] section 302, subdivision (d)—that requires a particular finding before the family court may modify such an exit order." (*Cole*, *supra*, 233 Cal.App.4th at p. 1456.)  The exit order is invalid to the extent it purports to restrict the family court's power to modify the exit order.

**DISPOSITION**

The September 23, 2020 order is reversed to the extent it conditions modification of the court's custody and visitation order upon proof of Mother's completion of counseling.  In all other respects, the September 23, 2020 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

5